# UNITED DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF ALABAMA
## (MOBILE DIVISION)

| | | |
|---|---|---|
| Clarissa McCall, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| G.A. West & Co., LLC | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Clarissa McCall (hereinafter "Ms. McCall" or "Plaintiff") complains against Defendant G.A. West & Co., LLC ("G.A. West" or "Defendant") as follows:

## JURISDICTION & VENUE

1.  The Plaintiff alleges that Defendant discriminated against her on the basis of race and/or sex by terminating her employment. Plaintiff brings this action pursuant to 42 U.S.C. § 1981 and Title VII. Accordingly, this Court has subject matter jurisdiction under 42 U.S.C. § 1981, 42 U.S.C. §2000e-5 and 28 U.S.C. § 1331.

2.  The Plaintiff is an African American female who resides in Mobile County, Alabama. The events underlying the Complaint occurred in Mobile

1

County, Alabama. Plaintiff was employed by the Defendant on a project at the Barry Steam Plant in Mobile County, Alabama.

3.      G.A. West is a domestic corporation with offices at 12526 Celeste Rd., Chunchula, Alabama 36521 and 1200 Radcliff Road, Creola, Alabama 36525. Defendant is subject to the personal jurisdiction of this Court. Defendant has more than 15 employees and is an employer within the meaning of 42 U.S.C. § 2000e(b).

## FACTUAL ALLEGATIONS

4.      Defendant is a construction company that specializes in heavy industrial projects. Defendant employed Ms. McCall in a site safety position from early August 2024 until her termination on or about September 30, 2024.

5.      In August 2024, Ms. McCall completed her initial training with Defendant at Plant Daniel, a power plant in Jackson County, Mississippi, where she worked with Keith Hale, who was also employed in a site safety position.

6.      After finishing her training, Ms. McCall was assigned to the sole site safety position on a new project at the Barry Steam Plant in Mobile County, Alabama. The Barry Steam Plant is operated by Alabama Power, a subsidiary of the Southern Company.

7.      In total, Ms. McCall worked onsite at the Barry Steam Plant for approximately three weeks before her termination. Ms. McCall was not disciplined

or otherwise reprimanded while employed by Defendant. Ms. McCall's supervisors and managers did not express any concerns about her job performance prior to her termination.

8.    On Monday September 30, 2024, Ms. McCall met with her supervisor, John Greene, and was informed that she was being laid off. When Ms. McCall asked why she was being terminated, Mr. Greene explained that the G.A. West was making cutbacks. Mr. Greene did not mention concerns about Ms. McCall's job performance as a reason for her discharge during the meeting.

9.    Defendant provided Ms. McCall with a notice separation notice that lists "ROF/Lack of Work" as the reason for separation. The separation notice defines "ROF/Lack of Work" as "Project/Job ended." Defendant did not cite any performance-based reasons for Ms. McCall's discharge on her separation notice.

10.    Defendant's project at the Barry Steam Plant was not ending at the time of Ms. McCall's termination. In fact, he Barry Steam Plant project was still in its initial phase and Defendant was actively hiring new employees.

11.    The separation notice Defendant provided to Ms. McCall included a performance evaluation. Defendant gave Ms. McCall ratings of 100% for "safety," "attendance," and "attitude" and 80% for "quality/craftsmanship" and "productivity." Defendant also recommended Ms. McCall for rehire.

3

12. At the time Defendant recommended her for rehire, Ms. McCall was qualified for employment in her site safety position.

13. Ms. McCall was meeting Defendant's job performance expectations at the time she was recommended for rehire.

14. After terminating Ms. McCall, Defendant filled her position at the Barry Steam Plant with white male employee Keith Hale.

15. Defendant's site safety employees are overwhelmingly white and male. Defendant employed approximately 40 individuals in site safety positions in 2024. At the time of Ms. McCall's termination, she was one of two African American women employed in a site safety position.

16. Defendant hired multiple employees for site safety positions in 2024 and 2025 after terminating Ms. McCall's employment.

17. Defendant transferred multiple site safety employees to new projects after the projects to which they were assigned ended in 2024 and 2025. Several of these transfers occurred after Ms. McCall was terminated

18. Ms. McCall was the only site safety employee terminated by Defendant for "lack of work" in 2024.

19. Although Defendant recommended Ms. McCall for rehire, Defendant did not contact her to fill an open position at any point after her termination.

20.    On March 23, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race sex discrimination in violation of Title VII. The EEOC issued a Right to Sue Notice on April 27, 2026. Plaintiff commenced this action within ninety days of receiving the Right to Sue Notice, as required by 42 U.S.C. § 2000e-5(f)(1).

## COUNT I

### (Title VII - Race Discrimination)

21.    Plaintiff incorporates by reference the factual allegations in paragraphs 1-20.

22.    Ms. McCall is an African American. Mr. Hale is a white.

23.     Defendant's decision to terminate Ms. McCall and replace her with Mr. Hale was motivated by her race.

24.    The Plaintiff suffered lost wages, economic hardship, emotional distress, and mental anguish as a result of the Defendant's unlawful race discrimination in violation of Title VII.

## COUNT II

### (Section 1981 – Race Discrimination)

25.    Plaintiff incorporates by reference the factual allegations in paragraphs 1-20.

26.    Ms. McCall is an African American. Mr. Hale is a white.

5

27.    Defendant's decision to terminate Ms. McCall and replace her with Mr. Hale was on account of her race.

28.    Plaintiff suffered lost wages, economic hardship, emotional distress, and mental anguish as a result of the Defendant's unlawful race discrimination in violation of 42 U.S.C. § 1981.

## COUNT III

### (Title VII – Sex Discrimination)

29.    The Plaintiff incorporates by reference the factual allegations in paragraphs 1-20.

30.    Ms. McCall is female. Mr. Hale is a male.

31.    Defendant discriminated against Ms. McCall because of her sex by terminating her employment and replacing her with Mr. Hale.

32.    The Plaintiff suffered lost wages, economic hardship, emotional distress, and mental anguish as a result of the Defendant's unlawful sex discrimination in violation of Title VII.

## COUNT IV

### (TITLE VII – INTERSECTIONAL DISCRIMINATION)

33.    The Plaintiff incorporates by reference the factual allegations in paragraphs 1-20.

34.    Ms. McCall is African American female. Mr. Hale is a white male.

35.    Defendant discriminated against Ms. McCall because of the combination of her race and sex, specifically discriminating against her as an African American female by terminating her employment and replacing her with Mr. Hale.

36.    The Plaintiff suffered lost wages, economic hardship, emotional distress, and mental anguish as a result of the Defendant's unlawful sex discrimination in violation of Title VII.

## PRAYER FOR RELIEF

37.    Wherefore premises considered, the Plaintiff respectfully requests that the Court enter an order:

a. requiring the Defendant to reinstate the Plaintiff to her former position;

b. requiring the Defendant to pay Plaintiff lost wages and benefits and such other make whole relief;

c. requiring the Defendant to pay Plaintiff compensatory and punitive damages;

d. requiring the Defendant, jointly and/or severally, to pay Plaintiff's reasonable attorney fees plus costs of litigation including expert witness fees;

e.  and such other legal, injunctive or equitable relief the Court

determines is necessary to remedy the violations established at trial.

## JURY DEMAND

Plaintiff demands a trial by jury.

*/s/ Zakary D. Pearsall*
Zakary Pearsall

/s/ *Richard P. Rouco*
Richard P. Rouco

Counsel for the Plaintiff

**OF COUNSEL**:

Quinn Connor Weaver
Davies & Rouco
2 – 20th Street North
Suite 930
Birmingham, AL 35203